<table>
<tr><td>

**DISTRICT COURT, EL PASO COUNTY, COLORADO**

**El Paso County District Court**
**270 South Tejon St.**
**Colorado Springs, Colorado 80903**

</td><td>

DATE FILED: May 25, 2018 4:35 PM
FILING ID: C32968AD17AD2
CASE NUMBER: 2018CV31335

▲**COURT USE ONLY**▲

</td></tr>
<tr><td>

**Plaintiffs: Rachel and John Losey**

**v.**

**Defendant:  Safeco Insurance Company of America**

</td><td>

**Case Number: _____**

Div.: _____

</td></tr>
<tr><td colspan="2">

*Attorney for Plaintiff:*
Heather Mitchell #50962
**Law Office of Heather Mitchell**
1832 Woodmoor Drive, Suite 208
Monument, Colorado 80132
Phone Number: 719-249-6411
heather@nearmelaw.com

</td></tr>
<tr><td colspan="2">

**COMPLAINT AND JURY DEMAND**

</td></tr>
</table>

COMES NOW Plaintiffs, Rachel and John Losey, ("Plaintiffs"), by and through undersigned counsel, Heather Mitchell, and herby file this Complaint against Defendant, Safeco Insurance Company of America, and for their claims and causes of action state as follows:

## THE PARTIES & JURISDICTION

1.      This litigation arises from, **inter alia**, defendant's wrongful and unjustified denial of benefits under the insurance contract with Plaintiffs.

2.      The Property that is the subject matter of this dispute is located at 1205 W. Bijou St, Colorado Springs, Colorado within El Paso County, Colorado.

3.      On information and belief, defendant Safeco Insurance Company of America ("Safeco") registered as a foreign Corporation in the State of Colorado, with its principal place of business in New Hampshire and it is duly qualified to transact

Exhibit A

business in the state of Colorado whose registered agent is Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

4.    This court has personal jurisdiction over Safeco pursuant to the Colorado long-arm statute, **C.R.S. § 13-1-124(a), (b), and (d).**

5.    This court has subject matter jurisdiction over all claims asserted herein and personal jurisdiction over all parties.  Venue is properly laid in this district pursuant to **Colo. R. Civ. P. 98(c)**.

## GENERAL ALLEGATIONS

6.    A hail storm occurred in El Paso County on or about May 26, 2016.

7.    Plaintiffs made a claim with their insurance company, Defendant Safeco Insurance Company of America.

8.    On or about June 6, 2016, Safeco Insurance Adjuster Greg Young inspected the roof of the insured property located at 1205 W. Bijou Street, Colorado Springs, CO 80904 (hereinafter referred to as the "Property").

9.    Greg Young determined that there was minimal damage to the roof, only two shingles, and estimated a replacement cost value of $383.97.

10.   Greg Young spoke with Plaintiff Rachel Losey and told her that the roof was in good condition.

11.   Shortly thereafter, the Plaintiffs cancelled their policy with Safeco, due to concerns not related to the claims herein, and contracted for insurance with American Modern Select Insurance Company through USAA Insurance Agency Inc.

12.   American Modern Select Insurance Company cancelled the new policy with regards to the roof upon inspection of the roof of the Property effective on August 8, 2016.

13.   American Modern Select Insurance Company states that the roof is uninsurable due to its condition.

14.   Plaintiffs contacted Safeco and relayed the information regarding the condition of the roof of the Property according to American Modern Select Insurance Company.

15.     The parties agreed to engage the appraisal process.

16.     The Plaintiffs contracted with James Westervelt of JW3 Services LLC to act as their public adjuster during the appraisal process.

17.     Upon information and belief, from information provided Plaintiffs through their roofing contractor, Mr. Westervelt and the appraiser for Safeco reached an agreement regarding the roof.

18.     On January 16, 2018, Plaintiffs received a letter from Greg Young stating that the appraiser for Safeco had been informed that the Plaintiffs' appraiser "no longer wants want to continue." [sic]

19.     The same letter stated that Safeco was closing the file.

20.     Plaintiffs then retained an attorney.

21.     Their attorney, this writer, attempted to contact Greg Young through the United States Postal Service, email, and telephone.

22.     In April of 2018 this writer received a call from Greg Young.

23.     This writer discussed the appraisal process with Mr. Young and questioned the status, including whether reports had been completed by either appraiser.

24.     Mr. Young stated that he would look into the matter and get back to this writer.

25.     Nothing has been received from Mr. Young, nor have any attempts at follow up received a response.

26.      Plaintiffs have not received anything additional from Safeco.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

27.     Plaintiffs incorporate by reference paragraphs 1 through 27 as if fully set forth herein.

28.     As embodied in the parties' conduct, Defendant implicitly contracted with Plaintiffs to provide insurance benefits.

29.     In return and as consideration for Defendant's contractual promise, Plaintiffs paid premiums, and cooperated in providing all requested documents with regards to

the claim.

30.   Defendant breached its contractual promises, and Plaintiffs consequentially suffered damages, and is entitled to, **inter alia,** contract damages, and interest, all in amounts to be proven at trial.

### SECOND CLAIM FOR RELIEF
### (Breaches of Implied Covenant of Good Faith)

31.   Plaintiffs incorporate by reference paragraphs 1 through 31 as if fully set forth herein.

32.   Defendant expressly promised Plaintiffs, and owed as an implied covenant, an obligation of good faith and fair dealing.

33.   Defendant had a duty to perform the terms of the contract in good faith, and Defendant had a concomitant duty to refrain from doing things that would deprive Plaintiffs of the reasonable and mutually anticipated benefits of those agreements.

34.   Defendant's course of conduct towards Plaintiffs from and after May 26, 2016 constituted bad faith and was in breach of the implied covenant of good faith and fair dealing.

35.   Defendant's conduct deprived Plaintiffs of the reasonable expectation of benefiting from the contract, as described herein above.

36.   Defendant's breach of the implied covenant of good faith and fair dealing caused Plaintiffs losses and consequential damages in amounts to be proven at trial.

### THIRD CLAIM FOR RELIEF
### (Willful Breaches of Contract)

37.   Plaintiffs incorporate by reference paragraphs 1 through 35 as if fully set forth herein.

38.   Defendant's breaches of express and implied contractual covenants were attended by circumstances of willful and wanton conduct.  Specifically, Defendant had ignored requests for information and attempts by Plaintiffs to resolve this matter.

39.    In addition, instead of alerting Plaintiffs to possible problems with their public adjuster, Defendant simply closed the file and ignored requests to resolve any problems.

40.   In addition to the economic damages and losses set forth above, Defendant's willful breach proximately caused Plaintiff significant noneconomic losses, including emotional distress, and other noneconomic losses or injuries incurred, or which are likely to be incurred in the future, entitling Plaintiff to additional consequential damages including an amount sufficient to reasonably compensate them for mental suffering, also in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

41.   Plaintiffs incorporate by reference paragraphs 1 through 41 as if fully set forth herein.

42.   By its actions towards Plaintiffs, Defendant insurance company has breached the contract of insurance and has engaged in a course of conduct to deprive its insured of the benefits of their contract.

43.   The Defendant insurer's conduct has been below the standard of care for a prudent insurer in the State of Colorado, violates the policy's implied covenant of good faith and fair dealing, and constitutes the tort of bad faith breach of insurance contract as recognized in Colorado by **C.R.S. § 10-3-1113**, incorporating **C.R.S. § 10-3-1104** and the common law.

44.   The Defendant insurer has intentionally acted unreasonably, or with reckless disregard of the facts as to whether or not it was acting reasonably.  The Defendant insurer has acted in complete disregard for Plaintiffs' reasonable expectations.

45.   Examples of Defendant's unreasonable and tortious conduct are failing to adequately investigate the material facts and/or law before denying claim, by failing to communicate with its insured in a timely manner, by failing to disclose material facts the insurer was obligated to disclose, unreasonably refusing to settle claim on behalf of its insured for an amount within policy limits, by "fleecing" or stripping its insured of contract benefits by "negotiating" a release in return for grossly inadequate consideration,  and by "lowballing" its insured by offering only a fraction of a claim's true value or using settlement leverage to force the insured to take less than the amount the insurer knows is justified.  Further, defendant conducted unfair methods of competition and unfair or deceptive acts or practices in violation of **C.R.S. § 10-3-1104**([]).

46.   The Defendant insurer's bad faith breach of contract has proximately caused Plaintiffs severe damage, including the loss of policy benefits, emotional distress, continued damage to the Property, and attorneys fees and costs, all in amounts to

be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, respectfully pray for judgment against the Defendant upon each and all of the claims for relief asserted herein above, including and without limitation:

(1)     on all Claims for relief, a money judgment for all economic loss, including damages for claims of damage to the Property, and other damages sufficient to afford Plaintiff the benefit of their bargains with Defendant and to make them whole from and against all breaches of duties owed by Defendant to Plaintiffs;

(2)     on the Fourth Claim for Relief, statutory remedies and all other relief authorized by applicable law;

(3)     an award of reasonable attorney fees, costs, and expenses incurred in this action;

(4)     prejudgment or moratory interest in accordance with law; and

(5)     such other and further relief as the Court deems just and proper under the circumstances.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**DATED** this 25th day of May, 2018.

Respectfully submitted,

**LAW OFFICE OF HEATHER MITCHELL:**

*/s/ Heather Mitchell*
Heather Mitchell
1832 Woodmoor Drive, Suite 208
Monument, Colorado  80132
Tel: 719-249-6411
heather@nearmelaw.com